# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JULIO ESPINOZA PRECIADO (1), <br><br> Defendant. | Case No.: 23-cr-00727-H <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** <br><br> [Doc. No. 129.] |

On March 28, 2024, Defendant Julio Espinoza Preciado, proceeding pro se, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. (Doc. No. 129.) For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

## Background

On June 1, 2023, the Government filed a superseding information charging Defendant with: (Count 1) attempted bringing in aliens for financial gain (felony) in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and aiding and abetting in violation of 18 U.S.C. § 2; and (Count 2) attempted bringing in certain aliens at a place other than a designated port of entry (felony) in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and (v)(II). (Doc. No.

105.)[1]  On July 27, 2023, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to count one of the superseding information – attempted bringing in aliens for financial gain (felony).  (Doc. Nos. 102, 103.)  On July 27, 2023, the Magistrate Judge issued his findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea.  (Doc. No. 104.)  On August 22, 2023, this Court adopted the findings and recommendation of the Magistrate Judge and accepted Defendant's guilty plea to the one count of attempted bringing in aliens for financial gain (felony).  (Doc. No. 106.)

On October 16, 2023, the Court held a sentencing hearing.  (Doc. No. 115.)  At sentencing, the Court calculated Defendant's total offense level as 21 and his criminal history category as I, resulting in a guidelines range of 37 to 46 months.  In calculating Defendant's total offense level, the Court imposed a four-level upward adjustment pursuant to U.S.S.G. § 2L1.1(b)(7) for causing "serious bodily injury."  The Court sentenced Defendant to a custodial sentence of 36 months followed by three years of supervised release.  (Doc. Nos. 115, 116.)  The Court entered a judgment on October 17, 2023.  (Doc. No. 116.)  By the present motion, Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1.  (Doc. No. 129 at 1-2.)

## Discussion

**I.    Legal Standards**

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'"  United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent

---

[1]     On April 25, 2023, Defendant waived indictment in open court before the Magistrate Judge.  (Doc. No. 43.)

authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts must engage in a "two-step inquiry" to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). United States v. Brito, 868 F.3d 875, 879 (9th Cir. 2017) (citing Dillon, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." Id. (citing Dillon, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Id. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## II.    Analysis

In his motion, Defendant argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (See Doc. No. 129 at 1-2.)

> The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). See Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.

United States v. Valenzuela, No. 114CR00188JLTSKO1, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).

The Court begins its analysis of Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) with the eligibility prong. "Under the eligibility prong, the district court must 'determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced . . . and shall leave all other guideline application decisions unaffected.'" United States v. Brito, 868 F.3d 875, 880 (9th Cir. 2017) (quoting U.S.S.G. § 1B1.10(b)(1)).

U.S.S.G. § 4C1.1 provides a 2-level downward adjustment for certain zero-point offenders provided that the defendant meets certain specific criteria. See U.S.S.G. § 4C1.1(a); Valenzuela, 2024 WL 281644, at *1. One of the criteria is: "the offense did not result in death or serious bodily injury." U.S.S.G. § 4C1.1(a)(4). At sentencing, in calculating Defendant's total offense level, Defendant received a four-level upward adjustment pursuant to U.S.S.G. § 2L1.1(b)(7) for causing "serious bodily injury." Cf. United States v. Gasca-Ruiz, 852 F.3d 1167, 1169 (9th Cir. 2017) (explaining that U.S.S.G. § 2L1.1(b)(7) calls for a "a four-level increase if 'serious bodily injury' resulted"). Because Defendant received a four-level upward adjustment under § 2L1.1(b)(7) for causing "serious bodily injury," Defendant is ineligible for a downward adjustment under § 4C1.1, see U.S.S.G. § 4C1.1(a)(4), and, thus, is also ineligible for a sentence reduction based on § 4C1.1. As a result, the Court denies Defendant's motion to reduce sentence.

/ / /

/ / /

/ / /

## Conclusion

For the reasons above, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).  The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record.

**IT IS SO ORDERED.**

DATED: April 2, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT